**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TREVIN SMITH,** | : | **Civil Action No.** |
| **2027 Willow Park Road, Apartment 7** | : | |
| **Bethlehem, PA 18020** | : | |
|       **Plaintiff,** | : | |
| | : | |
|   v. | : | **Complaint and Jury Demand** |
| | : | |
| **FRITO LAY, INC.,** | : | |
| **5 Danforth Drive** | : | |
| **Tatamy Borough, PA 18045** | : | |
| | : | |
| **7701 Legacy Drive** | : | |
| **Plano, TX 75024** | : | |
|       **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Trevin Smith (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, brings this civil matter against Frito Lay, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the at-will employment doctrine. In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant is a is manufacturer, marketer and seller of corn chips, potato chips and other snack foods with a location at 5 Danforth Drive, Tatamy Borough, PA 18045 and a corporate headquarters located at 7701 Legacy Drive, Plano, TX 75024.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the Americans with Disabilities Act of 1990, as amended, ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 530-2021-02975 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated May 12, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In or around February 2019, Defendant hired Plaintiff in the position of Material Handler.

21. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF SUFFERED A WORKPLACE INJURY, BUT WAS NOT INSTRUCTED TO REPORT IT

22. On June 16, 2019, Plaintiff was loading a truck with Todd Wismer, Zone Operations Manager, who was driving the truck.

23. Mr. Wismer abruptly pulled the truck away and then reversed from the loading dock while Plaintiff was in the process of pushing a cart off of it.

24. Plaintiff had to jump off the truck and sustained a groin injury from doing so.

25. As a result, Plaintiff missed three (3) days of work, but Mr. Wismer did not have Plaintiff fill out a workplace injury report.

## PLAINTIFF REPORTED SEXUAL HARASSMEN TO DEFENDANT

26. In or around the end of November 2019, Plaintiff complained that Tyrone LNU, Warehouse Material Handler, was alone in the breakroom with a newly hired female employee to Zach Fehnel, Warehouse Manager.

27. Plaintiff specifically mentioned that Tyrone had a history of sexually harassing female employees and that nothing was done to address it.

28. Mr. Fehnel laughed in response, but took no action to address Plaintiff's complaint.

## **PLAINTIFF WAS PLACED ON A MEDICAL LEAVE OF ABSENCE DUE TO HIS FIANCE'S DISABILITY MAKING HER "HIGH RISK" FOR COVID-19**

29. In or around April 2020, Plaintiff learned that a coworker Ronnie LNU, Warehouse Material Handler, was exposed to COVID-19, reported it to Defendant, but was still instructed to report to work.

30. Plaintiff's fiancé has a serious health condition that makes her considered "high risk" for COVID-19.

31. As a result, Defendant's physician placed Plaintiff on a medical leave of absence for approximately 10 weeks.

32. Plaintiff returned to work on June 21, 2020.

## **PLAINTIFF WAS GIVEN A HEAVIER WORKLOAD THAN HIS COWORKERS UPON HIS RETURN FROM HIS MEDICAL LEAVE OF ABSENCE**

33. When Plaintiff returned from his medical of absence due to COVID-19, Plaintiff noticed that Defendant began to treat him differently.

34. Mr. Wismer and Mr. Fehnel gave Plaintiff a significantly heavier workload than his coworkers who did not take a medical leave of absence.

35. In addition, Mr. Wismer and Mr. Fehnel started to issue Plaintiff attendance points for being late, which they had previously not done before.

## **PLAINTIFF SUFFERED A WORKPLACE INJURY AND FILED A WORKER'S COMPENSATION CLAIM**

36. On September 1, 2020, Plaintiff was lifting a pallet and suffered a workplace injury in his neck and left shoulder.

37. Plaintiff immediately notified Monica LNU, Floor Lead, of his workplace injury who instructed Plaintiff to inform Mr. Fehnel of his workplace injury.

38. Plaintiff followed Monica's instructions.

39. Mr. Fehnel provided Plaintiff a 1-800 number to call to report his work injury.

40. Plaintiff followed Mr. Fehnel's instructions.

### **PLAINTIFF WAS INSTRUCTED TO REPORT TO WORK, DESPITE HIS WORK INJURY**

41. However, when Plaintiff received a call back, he was told that he should report back to work the next day because it was a "push week".

42. Plaintiff stated that he was unable to do this due to the amount of pain he was in.

### **DEFENDANT RECEIVED MEDICAL TREATMENT AND WAS DIAGNOSED WITH THE DISABILITY OF A NECK STRAIN AND PLACED ON MEDICAL RESTRICTIONS**

43. Later that night, Plaintiff went to St. Luke's Hospital's Emergency Room for treatment.

44. Plaintiff was given medication for his injury.

45. Plaintiff called out of work on September 2, 3 and 4, 2020 due to his workplace injury.

46. On or around September 4, 2020, Plaintiff was examined at Coordinated Health, Defendant's Occupational Health Administrator, and diagnosed with a neck strain.

47. Plaintiff was prescribed medication to treat his disability.

48. The treating physician placed Plaintiff on the medical restrictions of keeping his left arm in a sling and not lifting more than 2 lbs.

### **DEFENDANT ATTEMPTED TO DENY PLAINTIFF'S REQUEST FOR A REASONABLE ACCOMMODATION**

49. Plaintiff requested the reasonable accommodation of light duty to Defendant, but Mr. Wismer attempted to prohibit Plaintiff from reporting to work and stated that Defendant could not accommodate him.

### **PLAINTIFF COMPLAINED TO THE SENIOR DIRECTOR OF OPERATIONS IN ORDER TO OBTAIN HIS REASONABLE ACCOMMODATION REQUEST**

50. Plaintiff then complained to Starlin Jones, Senior Director of Operations, about Mr. Wismer's refusal to accommodate Plaintiff.

51. Mr. Jones informed Plaintiff that Defendant would accommodate Plaintiff with light duty.

52. Plaintiff returned to work and was accommodated with light duty.

### **MR. WISMER RETALIATED AGAINST PLAINTIFF BY ISSUING HIM AN ATTENDANCE POINT FOR THE DAYS HE MISSED DUE TO HIS WORKPLACE INJURY**

53. In or around early October 2020, Mr. Wismer issued Plaintiff an attendance point for missing September 2, 3 and 4, 2020.

54. Plaintiff should not have been issued this attendance point because he was out of work due to a workplace injury.

### **PLAINTIFF COMPLAINED ABOUT MR. WISMER ISSUING HIM THE ATTENDANCE POINT AND NOT PROPERLY HANDLING HIS INITIAL WORKPLACE INJURY**

55. Plaintiff proceeded to complain to Marcie Aurora, Vice President, about Mr. Wismer issuing him this attendance point following his workplace injury, and also how Mr. Wismer did not properly handle his workplace injury in June 2019.

56. Ms. Aurora informed Plaintiff that she would conduct an investigation into his complaint.

### **DEFENDANT CALLED PLAINTIFF AND SUSPENDED HIM**

57. On October 27, 2020, Mr. Fehnel called Plaintiff and informed him that he was suspended pending investigation for his attendance.

**DEFENDANT TERMINATED PLAINTIFF**

58. On November 6, 2020, Mr. Fehnel called Plaintiff and terminated him allegedly due to attendance.

59. It is Plaintiff's position that he was discriminated against due to his disability and due on account of associational discrimination based on his fiancé's disability and retaliated against for requesting a reasonable accommodation and reporting the aforementioned discrimination in violation of the ADA and the PHRA.  In addition, Plaintiff alleges that he was retaliated against for filing a worker's compensation claim in violation of the at-will employment doctrine.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff and his fiancé have, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

62. Plaintiff was qualified to perform the job.

63. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

64. Circumstances indicated that Plaintiff's and his fiancé's disabilities were the reason for the adverse employment action.

65. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

66. Plaintiff's and his fiancé's disabilities motivated Defendant's decision to terminate

Plaintiff.

67. The purported reason for Defendant's decision is pretextual.

68. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

69. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

70. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff and his fiancé have, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

73. Plaintiff was qualified to perform the job.

74. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

75. Circumstances indicated that Plaintiff's and his fiancé's disabilities were the reason for the adverse employment action.

76. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

77. Plaintiff's and his fiancé's disabilities motivated Defendant's decision to terminate Plaintiff.

78. The purported reason for Defendant's decision is pretextual.

79. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

80. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

81. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III - RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

82. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

83. Plaintiff engaged in activity protected by ADA when he requested reasonable accommodations.

84. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

85. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV - RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

86. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

87. Plaintiff engaged in activity protected by the PHRA when he requested reasonable accommodations.

88. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

89. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – WRONGFUL TERMINATION
## AT-WILL EMPLOYMENT DOCTRINE

90. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

91. Plaintiff was an at-will employee with Defendant.

92. Defendant terminated Plaintiff in retaliation for filing a worker's compensation claim.

93. This is a violation of the at-will employment doctrine in Pennsylvania.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Trevin Smith, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the PHRA and the at-will employment doctrine.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated

                        **RESPECTFULLY SUBMITTED,**

                        **KOLLER LAW, LLC**

Date: August 10, 2022      **By:**  */s/ David M. Koller*
                                      David M. Koller, Esquire (90119)
                                      Jordan D. Santo, Esquire (320573)
                                      2043 Locust Street, Suite 1B
                                      Philadelphia, PA 19103
                                      215-545-8917
                                      davidk@kollerlawfirm.com
                                      jordans@kollerlawfirm.com

                                      *Counsel for Plaintiff*